IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY A. LILLY,

    Plaintiff,

v.                                                       Civil Action No. 5:07CV77
                                                                     (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF,
GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT AND
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE LOST DOCUMENTS**

I.   Procedural History

The plaintiff, Nancy A. Lilly, filed an application on March 17, 2004, for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. In the application, the plaintiff alleged disability since December 15, 2001, due to high blood pressure, thyroid disease, depression, panic attacks, endometriosis, adhesions, agoraphobia, and anxiety. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested a hearing, and a hearing before an Administrative Law Judge ("ALJ") was held on September 22, 2005. On April 3, 2006, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's

decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff and the defendant filed cross-motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for DIB was proper because substantial evidence supported the ALJ's conclusion that the plaintiff's mental impairments did not present functional limitations under the Section 12.04C criteria which were sufficiently severe to establish the presence of a presumptive disability and because the ALJ sufficiently considered, and reasonably assigned limited weight to reports by Mr. Morrello. The magistrate judge also found that the ALJ adequately documented his considered of the evidence and the weight he accorded it. Accordingly, the magistrate judge recommended that the defendant's motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the plaintiff's motion for summary judgment should be denied, and that the defendant's motion for summary judgment should be granted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Because timely objections were filed in this case, a de novo review of those portions of the report and recommendation to which the plaintiff has objected is proper. All other findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

In her motion for summary judgment, the plaintiff argues that the ALJ's finding that the plaintiff failed to meet the Listing 12.04(C) criteria is not supported by substantial evidence. Specifically, the plaintiff claims that the ALJ failed to conduct

a proper analysis of whether the plaintiff's mental impairments met or equaled Listing 12.04(C); that the ALJ failed to identify and explain the weight given to the specific opinion of the examining psychologist that Listing 12.04(C)(2) was met; and that he failed to cite the evidence in the file which supported the requirements of Listing 12.04(C)(2). The defendant's motion for summary judgment contends that substantial evidence supports the ALJ's determination that the plaintiff did not meet the Listing 12.04(C) requirements and that he adequately considered, and rejected, evidence that the plaintiff had suffered repeated episodes of decompensation.

To qualify for a disability designation under Listing 12.04(C), a claimant must provide evidence of:

> C. [A] [m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.04(C). In this case, the ALJ found that the plaintiff suffered from several severe mental impairments, including depressive disorder, not otherwise

specified; panic disorder with agoraphobia; anxiety disorder, not otherwise specified; and borderline intellectual functioning. The ALJ further found, however, that these impairments, taken singly or collectively, fail to meet requirements of Listing 12.04(C) because the evidence: (1) failed to show that the plaintiff has experienced repeated episodes of decompensation; (2) failed to establish that the plaintiff suffers from a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the her to decompensate; or (3) to establish that the plaintiff has a history of at least a year of inability to function outside a highly supportive living arrangement.

An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where an ALJ has determined that an impairment does not meet a listed requirement, the ALJ's decision must indicate the reasons for that determination. Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). Additionally, although an ALJ has no duty to comment on every piece of evidence or testimony presented, he or she must articulate "some minimal analysis" of the evidence to enable the reviewing court to "track

the ALJ's reasoning and be assured that the ALJ considered the most important evidence." <u>Green v. Shalala</u>, 51 F.3d 96 (7th Cir. 1995).

The magistrate judge concluded that substantial evidence supports the ALJ's findings. The magistrate judge also concluded that the ALJ adequately considered all of the relevant evidence. In her objections to the magistrate judge's recommended disposition, the plaintiff claims that the ALJ failed to explicitly indicate the weight given to all of the relevant evidence, particularly the report by Michael Morello, M.S., which concluded that the plaintiff did meet the Listing 12.04(C) criteria, and the evidence contained in the longitudinal record which supported Mr. Morello's opinion. According to the plaintiff, the ALJ, in rejecting the opinion of Mr. Morello, failed to address the treatment that the plaintiff had received for her mental impairments or to consider the opinion of Dr. Boyce, the plaintiff's treating physician, as evidence supporting Mr. Morello's opinion.[1]

---

[1] On the same date she filed her motion for summary judgment, the plaintiff also filed a motion for leave to file lost documents. The documents consist of certain of the plaintiff's records from the Braxton Community Health Center. According to the plaintiff, these materials, which include additional notes by the plaintiff's treating internist, Dr. Boyce, were submitted to the Social Security Commissioner in two packets on July 26, 2004 and December 13, 2004, but they were missing from Exhibit 17F of the administrative record. The defendant filed no response to this motion. Although it is unclear whether the magistrate judge considered the submitted materials in reaching his determinations and making his recommendations, this Court has reviewed the content of the materials. Accordingly, the plaintiff's motion for leave to

7

Upon review of the record, this Court finds that substantial evidence supports the ALJ's conclusions. As to Listing 12.04(C)(1), repeated episodes of decompensation, each of extended duration, the magistrate judge correctly determined that the evidence in the record does not support a conclusion that the plaintiff experienced repeated episodes of decompensation. Although Mr. Morello indicated that the plaintiff had experienced "one or two" episodes of decompensation, the two other Disability Determination Services ("DDS") evaluators who assessed the plaintiff's mental impairments concluded that she had experienced no such episodes, and the record does not indicate that the plaintiff required either significant alteration in medication or a structured psychological support system, as defined in Listing 12.00(C)(4). In light of the lack of evidence in the record to support Mr. Morello's assessment and given the conclusion of the other two DDS evaluators, the magistrate judge correctly found that substantial evidence exists to support the ALJ's opinion that the plaintiff does not meet the Listing 12.04(C)(1) prong.

As to Listing 12.04(C)(2), a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, this Court agrees with the magistrate judge that substantial evidence supports the ALJ's

---

file lost documents will be granted.

conclusion that the plaintiff's impairments fail to meet this prong. As with the prong set forth at Listing 12.04(C)(1), two of three DDS evaluators who assessed the plaintiff concluded that her affective disorder did not satisfy the requirement of Listing 12.04(C)(2). Additionally, the evidence fails to establish that the plaintiff is at risk for decompensating when faced with even a minimal increase in mental demands or change in the environment. The plaintiff asserts that the ALJ failed to explain why the plaintiff's "inability to carry out even her activities and daily living chores at home" (Pl.'s Objections to Report and Recommendation 2) would not support the requirements of Listing 12.04(C)(2). However, the ALJ specifically found that the plaintiff was able to carry out daily activities--which include caring for her young children, performing household chores, shopping, and visiting family--and that such activities are "inconsistent with total disability."

Further, this Court finds that the ALJ adequately considered the opinion of Mr. Morello before rejecting it, and that the ALJ adequately set forth his reasons for rejecting Mr. Morello's opinion. Although the plaintiff correctly observes that the ALJ did not explicitly mention Mr. Morello's assessment that the plaintiff met the Listing 12.04(C)(2) requirements, the ALJ's opinion indicates that he considered the record as a whole; that he found the plaintiff not entirely credible; and that he rejected Mr.

Morello's opinion because it was based solely upon the plaintiff's self-reported subjective complaints and because Mr. Morello failed to consider the plaintiff's psychological test results which indicated possible symptom magnification. Moreover, the ALJ specifically stated that he was more persuaded by "the detailed functional capacity assessment submitted by the state agency psychological consultants" than by the "summary conclusions regarding the claimant's mental work-related abilities." (A.R. 28.) For these reasons, this Court finds that substantial evidence in the record supports the ALJ's conclusion that the plaintiff does not meet the disability prong at Listing 12.04(C)(2).

As to Listing 12.04(C)(3), current history of one or more year's inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement, this Court agrees with the magistrate judge that substantial evidence supports the ALJ's conclusion that the plaintiff has no history of one or more years of inability to function outside a highly supportive living arrangement. The ALJ found that the plaintiff lives at home, performs daily chores, takes care of her children, and leaves the house to shop. In the absence of evidence in the record that the plaintiff has any history of inability to function outside a highly supportive living arrangement, the ALJ's conclusion that the plaintiff does not meet this prong Listing 12.04(C) is supported by substantial evidence.

## IV. Conclusion

Because this Court finds that those sections of the magistrate judge's recommendation to which the plaintiff did not object are not clearly erroneous and that the plaintiff's objections to those portions to which the plaintiff did object lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be GRANTED and that the plaintiff's motion for summary judgment be DENIED. It is also ORDERED that the plaintiff's motion for leave to file lost documents be GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 22, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE